Chief Justice Robertson
delivered the opinion of the Court.
Chiles obtained a judgment at law againsf Ward, for $11 b 88 cents, on a covenant to deliver to him, “at the Little Sandj salt works,” 1107 bushels of salt, in 1811.
The bill in chancery was then filed on this case, by Ward, for either a perpetual injunction or a new trial.
The bill and amended bill, allege that, by several payments made to Chiles, at different times, and most of which had been endorsed on the covenant, the obligation had been discharged; that the suit on the covenant had been brought in Montgomery county, but had been ordered to be removed to Clarke county, at the cost of Ward; that Chiles had the record transmitted to Clarke without the knowledge of Ward, where the ease was tried on a writ of inquiry, in the absence of Ward, but in the presence of Richard French, who appeared for him as counsel; that Chiles had fraudulently erased the credits on the covenant; and that Ward could have proved on the trial, if he had been present and prepared, that Chiles was not entitled to a judgment, for any thing.
Chiles, in his answer, denies the charge of fraud;, avers, as an apology for the obliteration of the credits, that he had discovered that Ward had receipts for some of the payments which were endorsed as credits o.n the covenant, and would insist on being allowed a credit, for both the amount of the receipts and of the endorsements.
He admits all the payments claimed by Ward in his bills, except one of forty-four and a half busheis of salt, charged to have been delivered on the 9th of August, 1814, but insists that, on the trial, credits were allowed by the jury, for all the payments’admitted in his answer. He admits that forty-four and a half bushels of salt were delivered to him on the *487 9th of September, 1814, which were not credited on the covenant, but for which he had given a receipt.
Bill in chan-eery to ob‘i'aUa'w should shew, that eompl’t. could not move tor new trial, during-‘l*, ment was
It is proved by one witness, that John R. Chitwood had taken a memorandum of (he credits, which had been indorsed on the covenant, before the erasure, and which he had sworn to on a former trial in Montgomery; and it was proved by another witness, that Chitwood died before the trial in Clarke. The memorandum taken by him, is filed as an exhibit, and is identified by proof. This memorandum contains a credit for forty-four and a half bushels of salt, delivered on the 9th of August, 1814, but does not include the forty-four and a half bushels charged and admitted to have been delivered on the 9th of September, 1814.
It was also proved by the depositions of two of the jury who rendered the verdict for $116 88, that they allowed credits for all the payments described in Chitwood’s memorandum, but for no other payment. These two depositions also exhibited the data on which the verdict was made out, and from which it appears that the salt was estimated at eighty-seven and a half cents a bushel, and that interest was allowed upon that value.
The circuit court, on the final hearing, dissolved the injunction which it had granted, and dismissed the bill. To reverse which decree, Ward prosecutes this writ of error.
The circuit court did not err in refusing to decree a new trial. There are two insuperable objections to such a decree:
1st. It does not appear that Ward might not have made a motion for a new trial, before the expiration of the term at which the judgment was rendered. He does not allege that he did not know of the trial, before the expiration of the term, or. that he could not have moved for a new trial during that term.
2d. The excuse for not being prepared on the trial is insufficient. As there had been a change of at W arms costs, it was Ins duty to remove the papers. If h,e omitted todo so, Chiies had the right *488 order to have a trial, and Ward had no right to suppose. that there would be no trial (as he alleges) until he should choose to have the papers transmitted- to Clarke! Such an apology for not defending the.suit on the trial, cannot be tolerated'. ^
Upon change of venue either party may transmit the papers. And no ground for new trial, on part of him who obtained change of venue, that his opponent transmitted papers, and obtained trial, without his knowledge.
Where payments are made after breach of povenant, defendant, niay insist on them at law, or neglect to do so, if he pleases, and resort to chancery, to obtain them. Because chancellor has original jurisdiction of credits for payments after the day.
Complainant shewing himself entitled to any credit, whioh jury did not allow on trial at law, to that extent, chancellor will give relief.
But Ward’s failure to make- defence at Jaw, orto show a sufficient reason for not being ready on the trial, in the action of covenant, does not deprive him of his right to appeal to the chancellor for relief.
The payments, for which he claims credits, were made after a breach of his covenant, and, therefore, if he did not obtain al! hjs just credits,in the trial at law, nor make such a defence, on the trial, as would bar another investigation, his right to relief in equity, is undeniable, and cannot be prejudiced by his negligence, in the court of common law, because the chancellor having original jurisdiction of the claim to credits, (on the ground that the payments were not made until “after the day”) Ward had a right to elect to make his defence at law, or reserve it for the decision of the chancellor.
The chancellor, however, has no right to revise the trial at law, nor to correct any alleged error in the estimate, by the jury, of the price of salt, or in their calculation or otherwise. And, consequently, Ward could be entitled to relief, so far only as ho may haye shown that he has a right to credits which were not allowed by the jury, on the writ of inquiry. But if he succeeded in showing that he was entitled to any credit, which the jury had not allowed, to that extent, it would have been proper to perpetuate his injunction.
As Chiles admits a payment of forty-four and a half bushels of salt, on the 9th of September, } 814, there can be no doubt that Ward should be allowed a credit for the value of the sal! then delivered, unless the jury gave him a credit for it.
it is proved that the only credit allowed by the jury, for forty-four and a halt bushels of salt, was for that quantity endorsed on the covenant, as having oeen delivered on the 9th of August, 1814. And there is nothing in the record which will allow this court to *489 decide -that the forty-four and a half bushels, proved and ascertained by the jury to have been delivered ■tin the 9th of August, are the same admitted by the •answer, to have been delivered on the 9 th of September. Such identity is not suggested in the answer, mor intimated in the record. For one, credit was endorsed, for the other a receipt was given.
Denny, Triplett and Depevi, for plaintiff; Mills and J^rown, for defendant.
Wherefore, it results that the circuit court erred in not perpetuating the injunction, for the value of the forty-four and a half bushels of salt, delivered on the 9th of September, 1314, and the interest on that value, as the jury charged Ward with interest.
Therefore, the de.cree is reversed, and the cause remanded, for such proceedings and decree, as shall bp proper, and consistent with this opinion.